[Cite as *Toca v. Advanced Therapeutic Servs., Inc.*, 2013-Ohio-4247.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

BERTILIA MARIELLA TOCA, M.D.,　　:
et al.　　　　　　　　　　　　　　　:　　　　Appellate Case No. 25419
　　　　　　　　　　　　　　　　　:
　　　　　Plaintiffs-Appellees　　　:　　　　Trial Court Case No. 2007-CV-8873
　　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
ADVANCED THERAPEUTIC　　　　:　　　　　(Civil Appeal from
SERVICES, INC., et al.　　　　　　:　　　　Common Pleas Court)
　　　　　　　　　　　　　　　　　:
　　　　　Defendants-Appellants　　:
　　　　　　　　　　　　　　　　　:

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of September, 2013.

. . . . . . . . . . .

MATTHEW D. DiCICCO, Atty. Reg. #0072889, Freund, Freeze & Arnold, One South Main Street, Suite 1800, Dayton, Ohio 45402
　　　　Attorney for Plaintiffs-Appellees

ROBERT D. ROSS, Atty. Reg. #0062853, 300 West Monument Avenue, Dayton, Ohio 45402
　　　　Attorney for Defendants-Appellants

. . . . . . . . . . . . .

FAIN, P.J.

{¶ 1}　Defendants-appellants, Jeffrey Kolaczkowski, Advanced Therapeutic Services,

Inc., Woodman Building Group, L.L.C., Wellness Card, L.L.C., Mid West Behavioral

Healthcare, Inc., Cincinnati Commandos, L.L.C., Silverbacks Football, L.L.C., ATS Medical Care, Inc., Prime Fights, Inc., Walker MMA, L.L.C., CDS Logistics, L.L.C., Pinwheel Farm, L.L.C., and Stuebenville Stampede, L.L.C. appeal from a judgment rendered against them on a breach of contract claim. The defendants contend that the trial court erred by overruling their motion to dismiss the Third Amended Complaint filed by plaintiffs-appellees Bertilia Mariella Toca, M.D., and Amparo M. Wee, M.D. The defendants argue that the Third Amended Complaint should have been dismissed, because judgment had already been rendered, terminating the trial court's jurisdiction.

{¶ 2} Our review of the record indicates that the order to which the defendants refer was not a final judgment, but merely a direction from the trial court to the parties as to how they should proceed to resolve their disputes concerning the nature of a settlement agreement that had previously been read into the record (but which is not part of the record on appeal). While an Amended Judgment Entry was filed on May 31, 2012, after the plaintiffs' second and third amended complaints had been filed, that entry does not adjudicate the claims pending against all the defendants. Thus, no final appealable order has been entered. R.C. 2505.02. Because claims remain unadjudicated, the order of the trial court overruling the defendants' motion to dismiss remains interlocutory, and is not subject to appeal. *Citibank, N.A. v. Katz*, 8th Dist. Cuyahoga No. 98753, 2013-Ohio-1041, ¶ 21. Accordingly, this appeal is Dismissed for lack of a final appealable order.

## I. The Nature of the Plaintiffs' Cause of Action

{¶ 3} Kolaczkowski is the majority owner and operating manager of Advanced

Therapeutic Services, Inc. (ATS), a business engaged in providing psychiatric and mental health services. He is also the owner of the other above-named entities that are engaged in various different businesses. Toca and Wee are physicians specializing in the field of psychiatry.

{¶ 4} In 2001, Toca and Kolaczkowski entered into an Independent Contracting Agreement. Under the terms of the Agreement, Toca was required to provide psychiatric services for ATS in exchange for reimbursement of 50% of all monies collected. Around the same time, Kolaczkowski and Toca formed the Woodman Building Group, L.L.C. (WBG), a holding company owning real property located at 1320 Woodman Drive in Dayton. This building houses ATS and other companies owned by Kolaczkowski. Toca has a 20% ownership interest in the real estate, which is encumbered by a mortgage loan issued by PNC Bank.

{¶ 5} Thereafter, Wee entered into a verbal agreement with Kolaczkowski whereby he was to receive 60% of all monies collected as a result of counseling/medical services provided by Wee to ATS patients.

{¶ 6} A dispute arose concerning the compensation owed to Toca and Wee.

## II. The Course of Proceedings

{¶ 7} Toca and Wee brought this action for breach of contract in October 2007 against ATS. The suit sought an accounting and compensation for services provided. In March 2009, Toca and Wee filed their First Amended Complaint, which added WBG as a defendant with regard to the breach of contract claims and added claims for judicial dissolution of ATS and WBG.

{¶ 8} Following discovery and mediation, the parties purportedly reached an

agreement, which was read into the record on June 9, 2010.[1]  The trial court entered an Order of Dismissal, dated June 29, 2010, which stated, "[t]his case having been reported to be settled by counsel, this matter is conditionally dismissed, without prejudice until such time as a final dismissal entry with prejudice is filed."   Thereafter, Wee and Toca filed a motion seeking to enforce the settlement agreement and the appointment of a receiver.  The plaintiffs claimed that Kolaczkowski refused to sign a proposed agreed order prepared by counsel for the plaintiffs.  A copy of the proposed agreed judgment entry was attached as an exhibit to the motion.  That proposed entry provided, in part, that Toca and Wee are entitled to have a forensic accounting performed to determine whether ATS had paid all amounts due them.  It further provided that ATS and WBG would purchase Toca's ownership interest in ATS and WBG.  The entry reserved the trial court's jurisdiction to determine the equity in the real estate held by WBG, in the event the parties could not agree on an amount.

{¶ 9}    A hearing on the motions to enforce the agreement and to appoint a receiver was held on September 2, 2010.[2]  On September 7, 2010, the trial court entered a Decision and Order setting forth revisions to be made to the proposed agreed judgment entry.  That decision states, in pertinent part, as follows:

    1.  The settlement agreement entered into by the parties and read into the record on June 9, 2010 shall be enforced;

    2.  On or before September 9, 2010, counsel for Plaintiffs shall make the following revisions to the Agreed Judgment Entry and submit to Defendants'

----

[1] The transcript of this proceeding is not a part of the record before us.

[2] Again, we have no transcript of this hearing.

counsel for signature;

    **a.**   **Paragraph 10:** Counsel shall listen to the official recording of the June 9, 2010 hearing wherein the settlement agreement was read into the record. If the agreement read into the record states that ATS and WBG are current on all debts, Paragraph 10 of the Agreed Judgment Entry shall read:

    "10.   On June 9, 2010, ATS and WBG represented and affirmed, through its owner/officer Jeffrey Kolaczkowski, that ATS and WBG was [sic] current on all debts and/or other obligations owed to creditors."

    **b.**   **Paragraph 27:** By agreement of the parties, counsel shall remove the term "formal".   [sic] This paragraph shall be amended to state the written application shall include all documents requested by the lending institution.   This paragraph shall also be amended to state WBG shall provide written proof of application (to include the application and all documents provided to the lending institution in support of the application) as well as the lending institution's decision to Toca within 30 days of the submission of the application;

    **c.**   **Paragraph 30:** By agreement of the parties, Paragraph 30 shall be amended to read as follows:

    "30.   Until such time that Toca is released from all obligations attendant to the Real Property, said property shall not be encumbered by any lien other than the mortgage described in the preceding paragraph without the prior written agreement of all Parties;"

    **d.**   **Paragraphs 35 & 38:** Counsel shall listen to the official recording of

the June 9, 2010 hearing wherein the settlement agreement was read into the record.  If the agreement states that Defendants shall remain current on all debts, there shall be no amendment to Paragraphs 35 and 38 of the Agreed Judgment Entry;

3.  Defendants have argued the percentages identified in Paragraph 14 of the Agreed Judgment Entry are not accurate.  On June 9, 2010, Defendants were ordered to produce documents establishing the percentages Defendants purport to be accurate within 28 days.  During the hearing on September 2, 2010, Defendants' representative admitted they failed to do so.  Defendants are hereby Ordered to produce to Plaintiff's Counsel any documents Defendants claim establish compensation percentages different from those currently stated in Paragraph 14 of the Agreed Judgment Entry on or before September 16, 2010 at 4:30 p.m.  If the Defendants fail to produce the documents as Ordered, there shall be no amendment to Paragraph 14 of the Agreed Judgment Entry;

4.  Defendants claim a valid loan exists between ATS and WBG that was used for the down payment on real estate purchased by WBG.  On June 9, 2010, Defendants were ordered to produce documents related to the loan.  During the hearing on September 2, 2010, Defendants' representative admitted they failed to do so.  Defendants are hereby Ordered to produce to Plaintiffs' Counsel any documents Defendants claim establish the loan between ATS and WBG, and the interest charged thereon, was valid and authorized by the two companies on or before September 16, 2010 at 4:30 p.m.  Documents to be produced may include,

corporate resolutions, minutes of meetings, loan agreements, etc. This Court shall reserve jurisdiction over the amount, if any, of said loan that shall be considered in determining equity in the real property owned by WBG as described Paragraph 23 of the Agreed Judgment Entry;

5. Defendants have not made application to refinance the real property owned by WBG since the June 9, 2010 hearing. Accordingly, a written application to refinance the property shall be made on or before October 4, 2010;

{¶ 10} In its September 7, 2010 decision and entry, the trial court also appointed a receiver and set the issue of sanctions for hearing. The decision and entry contained a Civ.R. 58(B) certification that it "may" constitute a final, appealable order.

{¶ 11} In November 2011, Toca and Wee filed a motion for contempt and sanctions, alleging that the defendants had failed to abide by certain provisions of the agreed judgment. A copy of the proposed agreed judgment entry was attached as an exhibit along with the September 7, 2010 decision and order. A hearing on the motion was held before a magistrate.

{¶ 12} The magistrate issued an entry and order sustaining the motion for contempt. The order indicated that the defendants stipulated that they were "in default of one or more provisions of the parties' Settlement Agreement and this Court's Order enforcing the Agreement." The order required Kolaczkowski to provide "a list of all companies in which [he] has an interest as owner, member or officer * * * to Plaintiffs' counsel." The order further granted the plaintiffs leave to join Kolaczkowski and any of his affiliated businesses as parties to the litigation, and expanded the order appointing a receiver to include any of those businesses as they become joined as a party. No party objected to this order.

{¶ 13} In January 2012, Toca and Wee filed a Second Amended Complaint, which included new claims and added Kolaczkowski, Wellness Card, L.L.C. and five "John Does" as defendants. The defendants filed an answer to the Second Amended Complaint.

{¶ 14} In April 2012, Toca and Wee filed a motion for leave to file a Third Amended Complaint. In May 2012, Toca and Wee filed a motion seeking to have the trial court sign a proposed "amended" agreed judgment entry.[3] This proposed entry, attached as Exhibit 2 to the motion, appears to contain the revisions specified in the trial court's September 7, 2010 decision and order.

{¶ 15} The trial court granted leave to file the Third Amended Complaint, which the plaintiffs then filed on May 7, 2012. The complaint added twelve defendants-businesses owned by Kolaczkowski. The new complaint raised claims for actions allegedly occurring after the date the settlement agreement was read into the record.

{¶ 16} The defendants, on May 23, 2012, moved to dismiss the Third Amended Complaint on the grounds that it failed to state a claim upon which relief could be granted. In support, the defendants argued that all claims stated in the Third Amended Complaint had previously been reduced to final judgment pursuant to the trial court's September 7, 2010 decision and order to enforce the terms of the parties' settlement agreement. The defendants simultaneously filed a document entitled "Defendants' Opposition to Receiver's Motion to Sell Real Estate and Request For Hearing[,]" which asked that the receiver's request to sell the WBG property be denied.

---

[3] At this time, there was no judgment entry in existence to amend. The amendment was to the plaintiffs' proposed judgment entry.

{¶ 17}  On May 31, 2012, an "Amended Judgment Entry" was filed.[4]  This entry was signed by counsel for Toca and Wee and the trial judge, but was not signed by the defendants.  It appears to have incorporated the settlement agreement, as determined in accordance with the September 7, 2010 decision and order.  The entry states that Toca and Wee "are awarded judgment against [ATS] and [WBG]" with regard to the claim that the doctors were not properly reimbursed for their services.  The entry requires the parties to initiate an accounting to determine what, if anything, is owed to Toca and Wee.  The entry also requires the defendants to purchase Toca's interests in ATS and WBG.  The entry does not purport to settle any claims against any other defendants, and does not appear to settle all claims against ATS and WBG.

{¶ 18}  On July 6, the magistrate filed an entry allowing the receiver to sell the WBG real estate.  On July 25, the magistrate entered a decision recommending that the receiver be permitted to institute financial restrictions and to overrule the defendants' motion to dismiss the Third Amended Complaint. On August 8, WBG filed an objection to the magistrate's decision permitting the receiver to sell WBG real estate.  On the same date, all of the defendants filed an objection to the decision recommending that the motion to dismiss the Third Amended Complaint be overruled and recommending that the receiver be permitted to institute financial restrictions.

{¶ 19}  On September 14, 2012 the trial court entered a decision adopting both of the magistrate's decisions.  While the trial court did not explicitly state that the motion to dismiss was properly overruled, its adoption of the magistrate's decision demonstrates that the trial court implicitly agreed that the motion was properly decided.

---

[4]  Again, there was no previous judgment entry to amend.  See footnote 3.

**{¶ 20}** The defendants appeal from the September 14, 2012 decision and order overruling their objections.

### III. The Part of The Order from which this Appeal
### Is Taken Is Not a Final Appealable Order

**{¶ 21}** The sole assignment of error states as follows:

THE TRIAL COURT ERRED WHEN IT ALLOWED THE APPELLEES TO FILE THEIR AMENDED COMPLAINT AND DENIED THE APPELLANTS' MOTION TO DISMISS.

**{¶ 22}** The defendants' sole argument in this appeal concerns the denial of their motion to dismiss the Third Amended Complaint. They argue that the September 7, 2010 entry ordering revisions to the proposed agreed judgment entry was a final appealable order, and it was therefore error to permit the filing of an amended complaint following the entry of a final judgment resolving all claims in the action. Toca and Wee contend that the September 7, 2010 decision and order "may have resolved outstanding claims at issue in the Complaint and First Amended Complaint[, but] these pleadings in no way resolved the [defendants'] subsequent violation of the Agreed Judgment Entry nor their fraudulent conveyance of property raised in the Second and Third Amended Complaints." The plaintiffs also contend that the "Second and Third Amended Complaints were filed, by agreement of the parties, after [defendants] admitted they violated the prior orders of the Court. More specifically, the complaints were filed pursuant to the trial court's express reservation of jurisdiction and to add certain necessary third parties that benefitted from a fraudulent transfer of assets." (Emphasis sic.)

{¶ 23}  The parties ignore the fact that the plaintiffs' proposed agreed judgment entry was neither filed nor journalized.  The September 7, 2010 decision and order of the trial court purporting to enforce the settlement agreement merely noted that the "settlement agreement entered into by the parties and *read into the record* on June 9, 2010 shall be enforced." (Emphasis added).  While the purported written agreement is reflected in the record as exhibits to various motions, the record is devoid of any indication that the purported written agreement was ever filed or journalized.  Furthermore, the hearing during which the agreement was read into the record, and the subsequent hearing on the motion to enforce, are not transcribed for our review.

{¶ 24}  No judgment adjudicating any of the claims in this cause of action was entered until the "Amended Judgment Entry" (in actuality, the only judgment rendered herein) was filed on May 31, 2012, several weeks *after* the filing of the Third Amended Complaint.   The September 7, 2010 decision and order was not a final judgment.    It: (1) denoted the changes that the trial court determined should be made to the proposed agreed judgment entry submitted by the plaintiffs; (2) was not self-executing, since it left a number of issues to be resolved by counsel after listening to a recording of the proceeding at which the settlement agreement was read into the record; and (3) specifically directed plaintiffs' counsel to submit revisions to the proposed judgment entry to defendants' counsel for review and signature.

{¶ 25}   "It is well recognized that a court speaks through its journals and an entry is effective only when it has been journalized. To journalize a decision means that certain formal requirements have been met, i.e., the decision is reduced to writing, signed by a judge, and filed with the clerk so that it may become a part of the permanent record of the court."  *State v. Taylor*,

2d Dist. Greene No. 2010-CA-46, 2012-Ohio-963, ¶ 16, quoting *State v. Anderson,* 9th Dist. Summit No. 19145, 1999 WL 225413 (April 14, 1999).

**{¶ 26}** We conclude that no judgment was entered in this case until May 31, 2012, after the date the Third Amended Complaint was filed. We further conclude that the "Amended Judgment Entry" filed on that date does not constitute a final appealable order under R.C. 2505.02. The May 2012 entry merely renders judgment against ATS and WBG with regard to some of the claims made against them and does not contain Civ.R. 54(B) certification. Thus, we reject the defendants' argument that a final judgment had been rendered before the Third Amended Complaint was filed.

**{¶ 27}** Furthermore, because claims remain unadjudicated, and the trial court has not certified under Civ.R. 54(B) that there is no just reason for delay, the order overruling the defendants' motion to dismiss the Third Amended Complaint is merely an interlocutory order, from which an appeal does not lie.

**{¶ 28}** Accordingly, this appeal is Dismissed, for lack of a final appealable order.

. . . . . . . . . . . . .

HALL and WELBAUM, JJ., concur.

Copies mailed to:

Matthew D. DiCicco
Robert D. Ross
Hon. Michael W. Krumholtz