[Cite as *State v. Taylor*, 2012-Ohio-963.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### GREENE   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2010-CA-46 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2010-CRB-862 |
| v. | : | |
| | : | |
| PIERRE R. TAYLOR | : | (Criminal Appeal from |
| | : | Xenia Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of March, 2012.

. . . . . . . . . . .

RONALD LEWIS, Atty. Reg. #0061980, City of Xenia Prosecutor's Office, 101 North Detroit Street, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

CARLO C. McGINNIS, Atty. Reg. #0019540, 130 West Second Street, Suite 800, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}  Defendant-appellant Pierre Taylor appeals from his conviction and sentence for Domestic Violence.  He presents the following four arguments:  his statutory right to a speedy trial was violated; his plea was involuntary; his conviction violates the Double

Jeopardy Clause; and he was denied the effective assistance of trial counsel. We conclude that Taylor was not denied his right to a speedy trial on the charge to which he pled no contest, and two other charges that were dismissed. Although the trial court should have dismissed a fourth, lesser charge of Unlawful Restraint, on speedy-trial grounds, that charge was dismissed, and the record does not reflect that his plea to the Domestic Violence charge was likely to have been influenced by the trial court's error in not having dismissed the Unlawful Restraint charge. We also conclude that Taylor's plea was knowingly, voluntarily, and intelligently entered; his conviction does not violate the Double Jeopardy Clause; and he was not denied the effective assistance of trial counsel. Therefore, the judgment of the trial court is Affirmed.

I

{¶ 2} On May 11, 2010, Taylor was arrested for one count each of Domestic Violence, Assault, and Unauthorized Use of a Motor Vehicle. On May 19th, Taylor filed a written waiver of his right to a speedy trial. Five days later, Taylor was served with notice of an additional charge, Unlawful Restraint. Several days thereafter, he requested a reduction in bond, which the trial court denied. Taylor filed a motion to withdraw his speedy-trial-time waiver on June 4, 2010, and trial was set for June 24th.

{¶ 3} On June 23, 2010, Taylor made an oral motion for dismissal of all four charges, claiming that he had been denied his right to a speedy trial. The trial court denied the motion, after which Taylor pled no contest to Domestic Violence. In exchange for his plea, the State agreed to dismiss the three companion charges, as well as unrelated charges that had been filed

under another case number the previous month.   The trial court sentenced Taylor to 180 days in jail.

{¶ 4}   The following day, the trial court brought Taylor back to inform him that the court had failed to advise him, as required by R.C. 2943.033(C), that 18 U.S.C. 922(g)(9) would impose firearm restrictions upon him as a result of his conviction.   The court gave Taylor three options:   (1) signing a copy of the required notice along with a waiver of any defects; (2) starting the plea hearing over from the beginning; or (3) withdrawing the plea and re-instating all charges.   Following a 15-20 minute recess during which Taylor consulted with his attorney, Taylor chose the third option, and a new trial date was set.

{¶ 5}   Although the trial court evidently intended, on June 24, 2010, to vacate Taylor's plea pursuant to his having chosen that option, the trial court never journalized its decision to vacate the plea.   Therefore, the June 23, 2010 plea remained in effect.

{¶ 6}   On June 29, 2010, the trial court once again brought Taylor into court.   This time the court advised Taylor that because R.C. 2943.033(C) specifically prohibits a plea from being vacated for failure to give the required notice of the effect of 18 U.S.C. 922(g)(9), Taylor's original plea and sentence remained in effect.   From his conviction and sentence, Taylor appeals.

II

{¶ 7}   Taylor's First Assignment of Error is as follows:

{¶ 8}   "THE APPELLANT WAS DENIED HIS RIGHT TO A SPEEDY TRIAL IN VIOLATION OF HIS STATUTORY AND CONSTITUTIONAL RIGHTS."

{¶ 9}   In his First Assignment of Error, Taylor argues that his statutory right to a

speedy trial was violated. A criminal defendant is guaranteed the right to a speedy trial under both the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. However, a defendant may waive this right. *State v. King,* 70 Ohio St.3d 158, 160, 1994-Ohio-412, 637 N.E.2d 903, citing *Barker v. Wingo,* 407 U.S. 514, 529, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

{¶ 10} On May 11, 2010, Taylor was arrested for Domestic Violence, Assault, and Unauthorized Use of a Motor Vehicle, all misdemeanors of the first degree. His speedy-trial time began to run on those charges on May 12th, the day after his arrest. E.g., *State v. Kerby,* 162 Ohio App.2d 353, 2005-Ohio-3734, 833 N.E.2d 757, ¶ 19 (2d Dist.).

{¶ 11}When a person is charged with first-degree misdemeanor crimes, he must be brought to trial within 90 days of his arrest. R.C. 2945.71(B)(2). However, statutory time limits "are flexible to a degree." *State v. Mincy,* 2 Ohio St.3d 6, 7, 441 N.E.2d 571 (1982). For example, a defendant's waiver of his right to a speedy trial relinquishes the right, at least until the waiver is withdrawn. *Kerby* at ¶ 62. Taylor filed a speedy-trial waiver on May 19th. The seven days from May 12th to May 19th count against the State. Because Taylor was incarcerated during this time, each of those seven days count as three days, totaling 21 days chargeable against the State. R.C. 2945.033(E).

{¶ 12} Taylor withdrew his speedy trial waiver on June 4th, and he entered his no contest plea on June 23rd. Applying the triple-count provision, because Taylor remained incarcerated, another 57 days are chargeable against the State. With regard to the charges of Domestic Violence, Assault, and Unauthorized Use of a Motor Vehicle, only 78 of the 90 allotted days had passed. Therefore, Taylor was not denied his right to a speedy trial as to

those charges.

{¶ 13} Taylor insists that his speedy trial waiver should be disregarded as to the original charges because he did not consent to the filing of the waiver. Taylor maintains that he made every effort to tell his attorney that he did not wish to waive his right to a speedy trial. However, his attorney stated that he had checked with the jail regarding each contact Taylor had initiated with him and found no evidence of Taylor making any attempts to contact him regarding his right to a speedy trial. In any event, a defendant's right to a speedy trial may be waived by his attorney, and the defendant is bound by that waiver, even if it is executed without the defendant's consent. *State v. McBreen,* 54 Ohio St.2d 315, 376 N.E.2d 593 (1978), syllabus; *State v. Taylor,* 98 Ohio St.3d 27, 2002-Ohio-7017, 781 N.E.2d 72, ¶ 33.

{¶ 14} Taylor also argues that the days between the withdrawal of his plea on June 24th and the reinstatement of the plea on June 29th should be counted against the State. We disagree. Although the trial court expressed its decision to vacate the plea on June 24th, this action was never journalized. We held in *State v. Will*, 2d Dist. Montgomery No. 18792, 2002-Ohio-4462, ¶ 26 that:

A judgment entry should contain "(1) the case caption and number; (2) a designation as a decision or judgment entry or both; (3) a clear pronouncement of the court's judgment, including the plea, the verdict or findings, sentence, and the court's rationale if the entry is combined with a decision or opinion; (4) the judge's signature; and (5) a time-stamp indicating filing of the judgment with the clerk for journalization."

{¶ 15} The only written document in the record reflecting the withdrawal of Taylor's plea on June 24, 2010, does not clearly include the judge's signature, and clearly does not include a

time-stamp for that date (although the same page bears date-stamps of May 12, June 23, and June 29, 2010, when other actions were taken in the case).

{¶ 16} Therefore, the trial court's expressed decision to withdraw Taylor's plea did not become effective, never having been journalized. As the 9th District Court of Appeals said in *State v. Anderson*, 9th Dist. Summit No. 19145, 1999 WL 225413 (April 14, 1999):

> It is well recognized that a court speaks through its journals and an entry is effective only when it has been journalized. To journalize a decision means that certain formal requirements have been met, i.e., the decision is reduced to writing, signed by a judge, and filed with the clerk so that it may become a part of the permanent record of the court.

{¶ 17} The trial court's decision to withdraw Taylor's plea, not having been journalized, remained interlocutory and subject to revision. And indeed, on June 29, 2010, the trial court journalized its decision to keep Taylor's plea in effect.

{¶ 18} In short, Taylor did not re-plead on June 29th. His conviction arose from his plea on June 23rd, which was within his speedy-trial time.

{¶ 19} Finally, we turn to the additional charge of Unlawful Restraint, a third-degree misdemeanor. When new charges arise from the same facts as did the original charge and the State knew of such facts at the time of the initial charge, the defendant's speedy trial time on the additional charge begins to run at the same time as for the initial charge. See, *State v. Parker,* 113 Ohio St.3d 207, 2007-Ohio-1534, 863 N.E.2d 1032, ¶ 18, citing *State v. Adams,* 43 Ohio St.3d 67, 68, 538 N.E.2d 1025 (1989). When the defendant is incarcerated prior to trial, the triple-count provision applies. *Id.* at ¶ 21, citing R.C. 2945.71(E).

{¶ 20} As Taylor points out, his speedy-trial waiver was filed prior to his notice of the

additional charge. A speedy-trial waiver does not apply to any new charges that arise out of the same underlying facts as the original charges when the waiver was filed prior to notice of the additional charge. *State v. Blackburn,* 118 Ohio St.3d 163, 2008-Ohio-1823, 887 N.E.2d 319, ¶ 19. Thus, the waiver did not apply to the Unlawful Restraint charge.

{¶ 21}Other than the fact that the charging documents specify that the Unlawful Restraint occurred on the same date as the other offenses, its relationship to the other offenses is unclear. Assuming, for the purpose of analysis, that the Unlawful Restraint charge arose from the same facts as did the original charges, and that the State knew of those facts when the original charges were brought, the State had 90 days from Taylor's arrest in which to bring him to trial on this additional charge. Applying the triple-count provision, the State was required to bring Taylor to trial on that charge by June 11th; however, Taylor did not enter his plea until June 23rd. Under these circumstances, the trial court should have dismissed the Unlawful Restraint charge.

{¶ 22} Nevertheless, Taylor must still demonstrate that he was directly prejudiced by the trial court's failure to dismiss the Unlawful Restraint charge. "The plea of no contest does not preclude a defendant from asserting upon appeal that the trial court *prejudicially* erred in ruling on a pretrial motion * * *." (Emphasis added.) Crim.R. 12(I).

{¶ 23} On the record before us, there is no showing of prejudice against Taylor. In exchange for Taylor's plea to the Domestic Violence charge, the State agreed to dismiss the Assault, Unauthorized Use of a Motor Vehicle, and Unlawful Restraint charges, as well as other unrelated charges filed under a different case number.

{¶ 24} In *State v. Boles*, 2d Dist. Montgomery No. 18762, 2003-Ohio-2693, ¶ 18, we

held that an error in overruling a motion to dismiss a number of charges on speedy-trial grounds was preserved, despite the fact that the defendant in that case pled no contest only to other charges. In that case, in contrast to the case before us, the defendant would have been exposed to a life sentence on one of the charges that should have been dismissed on speedy-trial grounds. "Furthermore, it appears from the record that Boles pled to the charges of rape (without a force specification) and improperly discharging a firearm at or into a habitation, with a firearm specification, in order to avoid a possible life sentence on a charge of rape with a force specification." Id.

{¶ 25} In the case before us, there is nothing in the record from which it appears that Taylor pled no contest to Domestic Violence, for which he was sentenced to 180 days in jail, in order to avoid a possible 60-day jail sentence for Unlawful Restraint, a third-degree misdemeanor. In fact, Unlawful Restraint was the lowest degree of any of the offenses with which Taylor was charged. His Assault, Domestic Violence and Unauthorized Use of a Motor Vehicle charges were all first-degree misdemeanors, carrying possible 180-day-jail sentences. Under these circumstances, with Taylor avoiding two first-degree misdemeanor convictions by pleading guilty to another, it is inherently unlikely that Taylor's decision to accept the plea bargain was influenced by the inclusion in the bargain of the dismissal of a third-degree misdemeanor that ought to have been dismissed on speedy-trial grounds.

{¶ 26} In the unlikely event that the trial court's erroneous failure to have dismissed the Unlawful Restraint charge did play a significant role in Taylor's decision to accept the plea bargain, he may move to withdraw his plea, and attempt to persuade the trial court of that fact. But the possibility that the Unlawful Restraint charge was the "tail that wagged the dog" in

Taylor's plea calculus is not sufficiently apparent from the record for us to conclude, as we did in *State v. Boles*, supra, that the trial court's error in having failed to dismiss that charge on speedy-trial grounds was prejudicial.

{¶ 27} Taylor's First Assignment of Error is overruled.


III

{¶ 28} Taylor's Second Assignment of Error is as follows:

{¶ 29} "THE TRIAL COURT'S FINDING THAT ORC §2943.033(C) PREVENTED IT FROM VACATING PLEA RESULTED IN A PLEA THAT WAS NOT KNOWINGLY, INTELLIGENTLY, VOLUNTARILY MADE UNDER OHIO CRIMINAL RULE 11."

{¶ 30} In his Second Assignment of Error, Taylor contends that his plea was not knowingly, intelligently, and voluntarily made. In *Boykin v. Alabama,* 395 U.S. 238, 242-43, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court held that in order for a reviewing court to determine whether a guilty plea was voluntary, the record must show that the defendant knowingly, intelligently, and voluntarily waived his constitutional rights. As a result, "Crim.R. 11(C) was adopted to ensure an adequate record for review in order to facilitate a more accurate determination of the voluntariness of a defendant's plea." *State v. Nero,* 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990). {¶ 31} Taylor argues that had he known about the federal restriction against possessing a firearm established by 18 U.S.C. 922(g)(9), he would not have pled to the Domestic Violence charge. 18 U.S.C. 922(g)(9) states:

It shall be unlawful for any person who has been convicted in any court

of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

{¶ 32} As Taylor points out, pursuant to R.C. 2943.033(C) the trial court was required to inform him of the federal firearm restriction that would arise as a result of this particular federal statute if he were convicted of Domestic Violence. R.C. 2943.033(C) provides:

Prior to accepting a guilty plea or plea of no contest to an indictment, information, or complaint that charges a person with a misdemeanor offense of violence, the court shall inform the defendant either personally or in writing that under 18 U.S.C. 922(g)(9) it may be unlawful for the person to ship, transport, purchase, or possess a firearm or ammunition as a result of any conviction for a misdemeanor offense of violence. The plea may not be vacated based on a failure to inform the person so charged regarding the restrictions under 18 U.S.C. 922(g)(9).

{¶ 33} We must consider the thoroughness of Taylor's Crim.R. 11 hearing at the time that it was held – not retroactively, in light of the subsequent confusion caused when the trial court became aware of R.C. 2943.033(C). Taylor does not deny that he was afforded a full and proper Crim.R. 11 hearing on June 23rd. He claims that the trial court's June 29th finding that it had been without the authority to vacate Taylor's plea retroactively rendered his June 23rd plea involuntary.

{¶ 34} In effect, Taylor asks us to ignore the final sentence of R.C. 2943.033(C), which specifically prohibits a trial court from vacating a plea based upon the court's failure to inform the defendant of the firearm restrictions imposed by 18 U.S.C. 922(g)(9). While the General Assembly

has decided to require trial courts to advise defendants of this federal restriction, the legislature has chosen not to allow a defendant who is not advised of the restriction to withdraw his plea due to the lack of notice. In other words, the General Assembly has prescribed that trial courts should advise defendants of the federal firearm restriction, but it has deliberately chosen to prescribe no consequence resulting from a trial court's failure to do so.

{¶ 35} Furthermore, a trial court is not required to determine, and advise a defendant of, every collateral consequence that may result from a plea to a misdemeanor in order to render that plea knowing and voluntary. *State v. Wilkinson,* 2d Dist. Montgomery No. 20365, 2005-Ohio-314, ¶ 9.

{¶ 36} Because the record shows that Taylor's June 23rd plea was knowingly, intelligently, and voluntarily made, his Second Assignment of Error is overruled.


IV

{¶ 37} Taylor's Third Assignment of Error is as follows:

{¶ 38} "THE TRIAL COURT'S INITIAL WITHDRAWAL, AND SUBSEQUENT REINSTATEMENT, OF APPELLANT'S PLEA, SENTENCE, AND CONVICTION, PLACED APPELLANT IN JEOPARDY TWICE FOR THE SAME OFFENSE IN VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE 1, OF THE OHIO CONSTITUTION."

{¶ 39} In his Third Assignment of Error, Taylor maintains that his conviction violates the Double Jeopardy Clause. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution states that "[n]o person shall * * * be subject for the same offence to be twice put in jeopardy of life or limb." The bar against double jeopardy is applicable to

the states through the Fourteenth Amendment to the United States Constitution. See, e.g., *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). Article I, Section 10 of the Ohio Constitution also affords protection against double jeopardy for criminal defendants.

{¶ 40} Taylor maintains that jeopardy attached when the trial court journalized his June 23, 2010 plea and sentence. He insists that when the trial court withdrew that plea and then reinstated it, the Double Jeopardy Clause was violated. However, as we explained in response to Taylor's First Assignment of Error, although the trial court did express its intention, on June 24, 2010, to withdraw Taylor's plea, it never actually did so. Taylor's June 23, 2010 plea remained intact, the trial court having reconsidered its decision to withdraw his plea before journalizing that decision. Thus, Taylor was not placed in jeopardy twice for the same offense.

{¶ 41} Taylor's Third Assignment of Error is overruled.


V

{¶ 42} Taylor's Fourth Assignment of Error is as follows:

{¶ 43} "THE APPELLANT CONTENDS HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY FAILED TO MAKE A TIMELY OBJECTION TO THE VIOLATION OF HIS RIGHT TO A SPEEDY TRIAL."

{¶ 44} In his Fourth Assignment of Error, Taylor insists that he was denied the effective assistance of trial counsel because counsel failed to file a second motion to dismiss on speedy trial grounds after his plea was withdrawn. In order to prevail on a claim of

ineffective assistance of counsel, the defendant must show both deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See, also, *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). Trial counsel is entitled to a strong presumption that his conduct falls within the wide range of effective assistance, and to show deficiency the defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness. Id.

{¶ 45} The record reflects that counsel made a motion to dismiss on speedy trial grounds prior to Taylor's plea. Although counsel did not raise the issue again, Taylor did, at which time the trial court explained to him that the motion had already been considered and overruled. As we discussed in response to Taylor's First and Third Assignments of Error, the trial court never actually withdrew, or vacated, Taylor's plea; his June 23, 2010 plea remained in effect.

{¶ 46} As noted in Part II, above, Taylor's June 23rd plea was within his speedy-trial time. Therefore, his motion to dismiss on speedy-trial grounds was without merit, and counsel's failure to renew the motion to dismiss did not amount to deficient performance.

{¶ 47} Taylor's Fourth Assignment of Error is overruled.

VI

{¶ 48} All of Taylor's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH and HALL, JJ., concur.

Copies mailed to:

Ronald Lewis
Carlo C. McGinnis
Hon. Michael K. Murry