NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0947n.06

No. 12-3735

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Nov 04, 2013
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

           v.

RAUDELL RODRIGUEZ-GONZALES,

      Defendant-Appellant.

On Appeal from the United
States District Court for the
Northern District of Ohio

_____/

**Before:**     **KEITH, GUY, and GIBBONS, Circuit Judges.**

      **RALPH B. GUY, JR., Circuit Judge.**    Raudell Rodriguez-Gonzales ("Rodriguez")

appeals his conviction and sentence for conspiracy to possess with the intent to distribute

marijuana. Rodriguez is not a United States citizen. The sole issue on appeal is whether the

rationale articulated in *Padilla v. Kentucky*, 559 U.S. 356 (2010), required the district court

to inform Rodriguez of the deportation risks attendant to his guilty plea during its Rule 11

colloquy. We conclude that it did not.

## I.

      On May 5, 2009, Rodriguez pleaded guilty pursuant to a non-binding plea agreement

to conspiracy to possess with the intent to distribute a large amount of marijuana in violation

of 21 U.S.C. §§ 841 and 846. At his plea hearing, the court did not inform Rodriguez of the deportation risk attendant to his guilty plea. On June 5, 2012, Rodriguez was sentenced to 240 months of imprisonment to be followed by ten years of supervised release.

In this direct appeal, Rodriguez challenges his conviction and sentence, arguing that the court's failure to inform him of the deportation risk attendant to his guilty plea was an error and that Rule 11(b) of the Federal Rules of Criminal Procedure, read in light of *Padilla v. Kentucky*, mandates that the court provide such information as a part of its Rule 11 colloquy. In *Padilla*, the Supreme Court held that the Sixth Amendment right to effective assistance of counsel requires that defense counsel "inform her client whether his plea carries a risk of deportation." 559 U.S. at 374. Rodriguez does not claim that his counsel was ineffective under *Padilla*.

Because Rodriguez failed to timely object to the alleged Rule 11 violation, we review for "plain error and the burden is on the defendant to show that but for the error, he would not have pleaded guilty." *United States v. Martin*, 668 F.3d 787, 791 (6th Cir. 2012) (citing *United States v. Dominguez Benitez*, 542 U.S. 74, 82-83 (2004)).

## II.

### A.    *El-Nobani v. United States*

The Fifth Amendment requires that the defendant enter his guilty plea "knowingly, voluntarily, and intelligently." *United States v. Taylor*, 627 F.3d 1012, 1017 (6th Cir. 2010) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). To meet this standard, we have held that the district court need not inform the defendant of the potential deportation

consequences of his plea. *El-Nobani v. United States*, 287 F.3d 417 (6th Cir. 2002). In *El-Nobani*, we relied on the rule that the district court "need only [make the defendant] aware of the ***direct consequences*** of the plea" and held that "the trial court is under no constitutional obligation to inform the defendant of all the possible collateral consequences of the plea." *Id.* at 421 (citing *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994)) (emphasis added). "A collateral consequence is one that 'remains beyond the control and responsibility of the district court in which that conviction was entered.'" *Id.* (citing *United States v. Gonzalez*, 202 F.3d 20, 27 (1st Cir. 2000)). We reasoned that because "deportation is not within the control and responsibility of the district court, . . . deportation is collateral to a conviction." *Id.*

Rodriguez argues that *Padilla* calls our holding in *El-Nobani* into question because the *Padilla* Court noted that deportation is "uniquely difficult to classify as either a direct or a collateral consequence."[1] *Padilla*, 559 U.S. at 366. But in *Padilla*, the Court specifically limited this observation to the context of the Sixth Amendment right to effective assistance of counsel, stating that "[t]he collateral versus direct distinction is thus ill suited to evaluating [an ineffective assistance of counsel] claim concerning the specific risk of deportation." *Id.* The Court made no comment on the distinction as it relates to the defendant's *Fifth Amendment* right that his plea be made "knowingly, voluntarily, and intelligently." *See Brady*, 397 U.S. at 748. Given that the duties of defense counsel under the Sixth Amendment

---

[1]Rodriguez fails to cite *El-Nobani* in his briefs, although he cites cases from other circuits that reached similar conclusions.

are greater than the court's duties under the Fifth Amendment, *see Libretti v. United States*, 516 U.S. 29, 50-51 (1995), "the *Padilla* Court's unwillingness to apply the direct/collateral distinction in the Sixth Amendment context does not demonstrate the Court's intention to do away with that distinction entirely in the Fifth Amendment context." *United States v. Youngs*, 687 F.3d 56, 62 (2d Cir. 2012) (citing *United States v. Delgado-Ramos*, 635 F.3d 1237, 1240 (9th Cir. 2011) (noting that in *Padilla* the Court "had no occasion to consider the scope of a district court's obligation" under due process or Rule 11, or "the continued viability of the distinction between direct and collateral consequences in the due process context").

Guided by our decision in *El-Nobani*, the district court was not required to notify Rodriguez of the potential deportation risks attendant to his guilty plea, and *Padilla* does not change that fact. We cannot overrule *El-Nobani* (a prior published opinion) "unless a decision of the United States Supreme Court *mandates* modification or this Court sitting en banc overrules the prior decision." *United States v. Moody*, 206 F.3d 609, 615 (6th Cir. 2000) (emphasis added). For the reasons discussed above, *Padilla* does not mandate that we modify our holding.[2]

**B.      Federal Rule of Criminal Procedure 11(b)**

---

[2]Beyond the fact that it was not an error for the court to fail to warn Rodriguez of the deportation risks associated with his guilty plea, Rodriguez fails to meet his burden to prove that "but for the error, he would not have pleaded guilty" as required by *United States v. Martin*, 668 F.3d 787, 791 (6th Cir. 2012).

Alternatively, Rodriguez argues that the plain language of Federal Rule of Criminal Procedure 11(b) mandates that the district court advise him of the deportation risk attendant to his guilty plea in light of *Padilla*. Rule 11 requires that the court advise the defendant of "any maximum possible *penalty*, including imprisonment, fine, and term of supervised release" and "any mandatory minimum *penalty*." FED. R. CRIM. P. 11(b)(1)(H) and (I) (emphasis added). Because *Padilla* referenced the risk of deportation as a "penalty" of conviction, 559 U.S. at 365-66, Rodriguez reasons that Rule 11(b) obligates the district court to advise defendants of the deportation risk as it is a "penalty."[3] We disagree. The *Padilla* Court never considered Rule 11 in its analysis and its reference to deportation as a "penalty" does not, without more, transform the district court's obligations under Rule 11.

Since *Padilla*, Rule 11 has been amended to require the district court to state in its plea colloquy that "if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future." FED. R. CRIM. P. 11(b)(1)(O).[4] In support of this amendment, the Advisory Committee on Criminal Rules noted that "the Court's decision [in *Padilla* did] not require the proposed amendment" but that immigration consequences were a "collateral"

---

[3]In *Padilla*, the Court made the following references to deportation as a "penalty": "We have long recognized that deportation is a particularly severe 'penalty,'" (*id*. at 365 (internal citations omitted)); "Our law has enmeshed criminal convictions and the penalty of deportation for nearly a century" (*id*. at 365-66 (internal citations omitted)); and "we find it 'most difficult' to divorce the penalty from the conviction in the deportation context" (*id*. at 366 (citation omitted)).

[4]Absent Congressional action, the amendment will take effect December 1, 2013.

consequence worth distinguishing. *Id*. Advisory Committee's note. Such commentary further supports our holding.

**AFFIRMED**.