**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Omar MANJANG, Defendant–Appellant.**

**No. 15–3638.**

United States Court of Appeals, Sixth Circuit.

Dec. 16, 2015.

---

Before: GUY, SUTTON, and McKEAGUE, Circuit Judges.

RALPH B. GUY, JR., Circuit Judge.

Defendant, Omar Manjang, appeals the District Court's denial of his petition for a writ of *coram nobis* seeking to vacate his guilty plea to willful misrepresentation of citizenship. We affirm.

## I.

Defendant, then a citizen of The Gambia, entered the United States on a student visa. Years later, he applied to a community college in Cincinnati, falsely representing himself as a United States citizen in violation of 18 U.S.C. § 911. Defendant initially rejected a plea offer because it included a stipulation for judicial removal. After defense counsel said he would refer him to an immigration attorney, defendant accepted the agreement. At the change of plea hearing, the District Court informed defendant that "the government will probably request that you be deported" and that "[t]he facts in this case and the acceptance of the plea, that would be a basis ... for your deportation." Defendant answered that he understood, and pleaded guilty.

At sentencing, the District Court stated that defendant, after his sentence, would "become immediately the subject of deportation proceedings," and asked him, "you understand you're going to be deported, though, correct?" Defendant replied that "[t]hey told me I have to see an immigration lawyer, Judge, so I don't know about that stuff." Defense counsel said defendant "intended to dispute ... the deportation in those proceedings" but "[h]e is aware that that will occur." The District Court noted that "if, for some reason, he's successful, he has to report to Probation within 72 hours after his release; and if he does get deported and comes back in, he's got to report as soon as he comes back in." The District Court sentenced defendant to time served and one year of supervised release, and remanded him to the custody of the United States Marshals pursuant to an immigration detainer.

Immigration counsel advised defendant that his conviction permanently barred him from reentry to the United States. Attempts to remove defendant to The Gambia stalled, as The Gambia no longer recognizes him as a citizen. As a result, immigration authorities placed defendant on indefinite supervised release. After this information came to light, and after serving his sentence, defendant petitioned the District Court for a writ of *coram nobis* to vacate his plea and conviction, arguing that he would not have pleaded guilty had he known the true immigration consequences. The District Court denied the petition in a written opinion and order, which defendant now appeals.

## II.

In a *coram nobis* proceeding, we review the District Court's legal determinations *de novo*, and its factual findings for clear error. *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir.2001).

### III.

*Coram nobis* relief may be granted only where the petitioner demonstrates "(1) an error of fact; (2) unknown at the time of trial; (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known." *Id.* The writ is available only when habeas relief is not—"generally, when the petitioner has served his sentence completely and thus is no longer 'in custody' as required for § 2255 relief." *Blanton v. United States,* 94 F.3d 227, 231 (6th Cir.1996).

### A.   Ineffective Assistance of Counsel

According to defendant, the District Court erred in "fail[ing] to recognize that the controlling case is *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and that extending the reasoning, if not the holding, in *Padilla [v. Kentucky,* 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010) ], would lead to a determination in [his] favor[.]" Recognizing that *Padilla* does not apply because his conviction became final prior to that ruling, defendant attempts to legally particularize and distinguish the facts of his case. Defendant makes no attempt to conform his argument to the showings required for a writ of *coram nobis,* instead asserting that his "trial counsel should have arranged the consultation with the immigration attorney *before* [defendant] changed his plea to guilty and was sentenced." In essence, defendant argues that his counsel's failure to *arrange consultation* with an immigration attorney before he pleaded guilty constituted ineffective assistance under *Strickland,* separate from and regardless of *Padilla's* holding that counsel must *advise* clients of the immigration consequences of a guilty plea.

Whatever dubious significance might lay in this distinction, *Padilla* decided the threshold question applicable in both instances: whether *Strickland* applies. *Chaidez v. United States,* —— U.S. ——, 133 S.Ct. 1103, 1108, 185 L.Ed.2d 149 (2013) ("prior to asking *how* the *Strickland* test applied . . . , *Padilla* asked *whether* the *Strickland* test applied"). *Padilla's* determination that *Strickland* applies constituted a new rule, *id.* ("that preliminary question about *Strickland's* ambit came to the *Padilla* Court unsettled—so that the Court's answer . . . required a new rule"), and, as defendant concedes, new rules are not retroactive as to final convictions, *id.* at 1107 ("When we announce a 'new rule,' a person whose conviction is already final may not benefit from the decision in a habeas or similar proceeding."). Defendant nevertheless asks us to order the District Court to apply a new rule announced in *Padilla*—that *Strickland* governs in this context—to a conviction which was final at the time of that ruling. Because *Padilla* is prospective only, the District Court cannot apply *Strickland* analysis to the immigration advice at issue, and thus properly denied defendant's petition for a writ of *coram nobis. Id.* at 1113.

### B.   District Court Statements

Defendant also argues that the District Court erroneously created the impression that he might be able to reenter the United States after deportation. Defendant again makes no effort to conform his pleadings to the elements of a writ of *coram nobis.* Nor did he raise this claim below. Moreover, defendant fails to establish the factual predicate of his claim, i.e., that the District Court made misleading statements suggesting he might not be deported or could later reenter the United States. Even if defendant could show that he misinterpreted these statements, he articulates no legal basis for any assertion of error, and concedes that the District Court

had no obligation to inform him of the potential deportation consequences of his plea, which are outside its control. *See United States v. Rodriguez–Gonzales*, 543 Fed.Appx. 532, 533–534 (6th Cir.2013). Absent any legal and factual support for this argument, we decline to address it. *See Leary v. Livingston Cnty.*, 528 F.3d 438, 449 (6th Cir.2008) (undeveloped legal arguments are deemed waived); *United States v. Westenfelder*, 70 Fed.Appx. 302, 304 (6th Cir.2003) (per curiam) (declining to consider unpreserved and factually unsupported claims).

**AFFIRMED.**