[Cite as *State v. Poppel*, 2021-Ohio-2536.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-34 |
| | : | |
| v. | : | Trial Court Case No. 2018-CRB-476 |
| | : | |
| MARKLEY POPPEL | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of July, 2021.

. . . . . . . . . . .

MARK M. FEINSTEIN, Atty. Reg. No. 0065183, Champaign County Municipal Prosecutor's Office, 205 South Main Street, Second Floor, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

DEREK A. DEBROSSE, Atty. Reg. No. 0084183, and MICHAEL A. TRUMAN, Atty. Reg. No. 0092506, 503 South Front Street, Suite 240B, Columbus, Ohio 43215
    Attorneys for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Defendant-appellant, Markley Poppel, appeals from the trial court's final order of November 9, 2020, in which the trial court overruled his motion to withdraw his plea under Crim.R. 32.1. Poppel, who pleaded guilty to one count of assault in violation of R.C. 2903.13(A), argues in a single assignment of error that the trial court erred by overruling his motion, because at the time he entered his plea, neither the court nor his counsel advised him that under 18 U.S.C. 922(g)(9), he would forfeit his right to own a firearm. We find that the trial court did not err, and its order is therefore affirmed.

## I. Facts and Procedural History

{¶ 2} On May 31, 2018, an officer with the City of Urbana Police Division filed a pair of complaints charging Poppel with assault, a first degree misdemeanor pursuant to R.C. 2903.13(A) and (C)(1), and domestic violence, a first degree misdemeanor pursuant to R.C. 2919.25(A) and (D)(2). Poppel reached a plea agreement with the State, according to which he appeared before the trial court on August 1, 2018, and entered a plea of guilty to the charge of assault. In exchange, the State dismissed the charge of domestic violence. The trial court then sentenced Poppel to 180 days in jail and 24 months of community control, with the jail term suspended on the condition that he complete anger management therapy.

{¶ 3} Poppel claims that in "September 2019, [he] attempted to [collect] a firearm that he [had] won in a raffle," but "his * * * background check [through the National Instant Criminal Background Check System] resulted in a denial," followed "soon after [by] a letter from [the Bureau of Alcohol, Tobacco, Firearms and Explosives] that said that [he] was

under disability to own a firearm."[1]  Appellant's Brief 4.  On July 22, 2020, Poppel filed a motion under Crim.R. 32.1 to withdraw his plea, arguing that his defense attorney had failed to provide effective representation by failing to warn him about the possible loss of his right to own a firearm, and that the trial court had likewise failed to meet its obligation to ensure that his plea was knowing and voluntary.  Defendant's Motion to Withdraw Plea 3-9, July 22, 2020.

{¶ 4} The trial court overruled Poppel's motion without comment in its final order of November 9, 2020.  Poppel timely filed a notice of appeal on December 9, 2020.

## II. Analysis

{¶ 5} For his one assignment of error, Poppel contends that:

THE TRIAL COURT ERRED BY NOT DECLARING THAT A MANIFEST INJUSTICE OCCURRED JUSTIFYING [sic] APPELLANT TO WITHDRAW HIS GUILTY PLEA.

{¶ 6} Poppel offers two arguments for reversal of the trial court's order.  First, Poppel argues that his defense counsel provided deficient representation by failing to advise him that under 18 U.S.C. 922(g)(9), he would forfeit his right to own a firearm by

---

[1] Poppel has provided almost no evidence to substantiate his claim.  He submitted an affidavit with his motion to withdraw, yet he made no reference at all to the raffle, to the nature of the firearm he purportedly was not allowed to collect, or to the date of the letter he purportedly received, of which he did not provide a copy.  *See* Defendant's Motion to Withdraw Plea, Ex. A, July 22, 2020; *see also* Transcript of Hearing on Motion to Withdraw Plea 8:22-10:20, Nov. 6, 2020.  Although he asserts in his brief that he "attempted to pick-up [sic] a firearm" in "September 2019," even that assertion is not supported by the record.  Appellant's Brief 4; Defendant's Motion to Withdraw Plea, Ex. A; Transcript of Hearing on Motion to Withdraw Plea 10:8-10:14.  The only evidence on record regarding the raffle and the firearm is Poppel's own testimony that he "won [a] firearm at a raffle, * * * went to get the firearm, and * * * was denied."  Transcript of Hearing on Motion to Withdraw Plea 10:10-10:13.

pleading guilty. Appellant's Brief 7-12. Second, positing that R.C. 2943.033(C) is unconstitutional, Poppel argues that the trial court, which likewise failed to advise him about the implications of his plea pursuant to 18 U.S.C. 922(g)(9), did not satisfy its obligation to ensure that he entered his plea knowingly and voluntarily. *Id.* at 12-14. In an uncommonly terse response, the State argues only that the trial court's order should be affirmed because Poppel did not timely file his motion to withdraw. Appellee's Brief 1.

{¶ 7} To prevail on a claim of "ineffective assistance of counsel, a defendant must satisfy the two-pronged test in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." *State v. Cardenas*, 2016-Ohio-5537, 61 N.E.3d 20, ¶ 38 (2d Dist.). The *Strickland* test requires a showing that: "(1) defense counsel's performance was so deficient that [it did not fulfill the right to assistance of counsel] guaranteed under the Sixth Amendment to the United States Constitution; and (2) * * * defense counsel's errors prejudiced the defendant." *Id.*, citing *Strickland* at 687. Judicial "scrutiny of counsel's performance must be highly deferential," so "a [reviewing] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." *Strickland* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955). To show prejudice, the defendant bears the burden to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of [a given] proceeding would have been different." *Id.* at 694; *State v. Southern*, 2d Dist. Montgomery No. 27932, 2018-Ohio-4886, ¶ 47. A failure to make either showing defeats the claim. *Cardenas* at ¶ 38.

{¶ 8} Because a "plea of guilty is a complete admission of guilt," a defendant who pleads guilty "waives all appealable errors, including claims of ineffective assistance of

counsel, except to the extent that [any alleged] errors" prevented the plea from being made "knowingly, intelligently, and voluntarily." (Citations omitted.) *State v. Leonard*, 2d Dist. Montgomery No. 27411, 2017-Ohio-8421, ¶ 13. Thus, to prevail on a claim of ineffective assistance of counsel after having pleaded guilty, a defendant must show that: (1) counsel's advice "was 'not within the range of competence demanded of attorneys in criminal cases' "; and (2) "but for counsel's errors," there was "a reasonable probability" that the defendant "would not have pleaded guilty but would have insisted on going to trial." *See Tollett v. Henderson*, 411 U.S. 258, 266, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), quoting *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Leonard* at ¶ 13; *State v. Huddleson*, 2d Dist. Montgomery No. 20653, 2005-Ohio-4029, ¶ 9. A trial court's ruling on a motion to withdraw under Civ.R. 32.1 is reviewed for abuse of discretion. *See, e.g., State v. Cressel*, 2d Dist. Montgomery Nos. 20337 & 20348, 2005-Ohio-2013, ¶ 10.

**{¶ 9}** Relying largely on the opinion of the U.S. Supreme Court in *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), Poppel argues, first, that his defense counsel rendered constitutionally deficient representation by failing to advise him that, under 18 U.S.C. 922(g)(9), he would effectively forfeit his right to own a firearm by pleading guilty to assault. Appellant's Brief 9-10. He insists that, "[a]s an avid firearms enthusiast[,] [he] never would have agreed to plead guilty had he known of [all] of the * * * consequences of the plea." *Id.* at 10.

**{¶ 10}** In *Padilla*, the Court granted certiorari "to decide whether, as a matter of federal law, [a defense attorney] ha[s] an obligation to advise" a noncitizen client that, by pleading guilty to certain crimes, the "result [will be the client's] removal from this country."

*See Padilla* at 360. The Court decided that in the "numerous situations in which the [immigration] consequences of a particular plea are unclear or uncertain," a defense attorney representing a noncitizen client "need do no more than advise [the] client" that pleading guilty to the "pending criminal charges may carry a risk" of deportation. *See id.* at 369. But in a case in which a conviction is nearly certain to result in the defendant's deportation, as was the situation in *Padilla*, an attorney bears the duty to "understand the * * * consequences of a guilty plea" and to "give correct advice" on the basis of that understanding. *See id.*; *State v. Romero*, 156 Ohio St.3d 468, 2019-Ohio-1839, 129 N.E.3d 404, ¶ 27.

{¶ 11} Poppel contends that his defense counsel had an affirmative obligation to advise him that he would lose his right to own a firearm as a result of pleading guilty to assault, because even "[a] quick glance" at 18 U.S.C. 922(g)(9) would have revealed as much. Appellant's Brief 9-10. 18 U.S.C. 922(g)(9) prohibits a person "who has been convicted in any court of a misdemeanor crime of domestic violence" from possessing, "ship[ping] or transport[ing] in interstate or foreign commerce" any "firearm or ammunition," and from "receiv[ing] any firearm or ammunition which has been shipped or transported in interstate or foreign commerce," and as defined by 18 U.S.C. 921(a)(33)(A), the term "misdemeanor crime of domestic violence" includes the crime of

assault under R.C. 2903.13(A).[2]  Essentially, Poppel suggests that an attorney bears the duty to advise a defendant who contemplates the entry of a plea in lieu of a trial of every possible consequence that is "easily * * * determined" and "presumptively mandatory." *See id.* at 9.

{¶ 12} The " 'proper measure of attorney performance,' " however, " 'remains simply reasonableness under prevailing professional norms.' "  *Padilla* at 366, quoting *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052, 80 L.Ed.2d 674.   Citing a series of sources, including the Department of Justice and the American Bar Association, the Court in *Padilla* found that the "weight of prevailing professional norms support[ed] the view that [a defense attorney] must advise [a noncitizen] client regarding the risk of deportation." *See id.* at 367.

{¶ 13} In the instant case, Poppel has presented no evidence to establish the relevant, prevailing professional norms.   *See* Appellant's Brief 5-12; Transcript of Hearing on Motion to Withdraw Plea 8:23-12:14; Defendant's Motion to Withdraw Plea 2-7.   The trial court thus lacked evidence of record on which it could have based a finding that Poppel's defense counsel provided less than reasonably professional representation.

---

[2] 18 U.S.C. 921(a)(33)(A) defines "the term 'misdemeanor crime of violence' [as] an offense" that "is a misdemeanor under [f]ederal, [s]tate, or [t]ribal law" and "has, as an element, the use or attempted use of physical force, * * *, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim."   *See also U.S. v. Hayes,* 555 U.S. 415, 420-421, 129 S.Ct. 1079, 172 L.Ed.2d 816 (2009) (holding that an offense qualifies as a misdemeanor crime of domestic violence if committed by an offender "against a spouse or other domestic victim," regardless of whether "the statute describing the predicate offense include[s], as a discrete element, the existence of a domestic relationship between [the] offender and [the] victim").

Poppel, for that matter, describes himself as "a lifelong firearms enthusiast," yet he provided no evidence to illustrate his "avid" enthusiasm, such as ownership of one or more firearms in the past, membership in an organization for owners or advocates of firearms, or even general knowledge of firearms; he fails, for instance, even to specify the type of firearm that he claims to have won at a raffle. Affidavit of Markley Poppel ¶ 1-9, May 19, 2020;[3] Transcript of Hearing on Motion to Withdraw Plea 8:23-12:14; Appellant's Brief 4-12.

{¶ 14} Furthermore, Poppel does not allege that his defense counsel was aware of his interest in firearms or had any reason otherwise to investigate the possibility that Poppel might lose his right to own a firearm as a result of pleading guilty. *See* Transcript of Motion to Withdraw Plea 9:10-9:22. A noncitizen-defendant's continued residency in the United States, by contrast, could be at stake in nearly any criminal proceeding, and an attorney representing a noncitizen may therefore reasonably be expected to consider the effect that a conviction would have on the noncitizen's residency. Accordingly, Poppel has not demonstrated that his defense counsel failed to provide reasonably professional representation.

{¶ 15} Poppel's second argument for reversal of the trial court's order is that the court did not satisfy its obligation to ensure that he entered his plea knowingly and voluntarily, given that the court failed to comply with the requirements of R.C. 2943.033(C). *See* Appellant's Brief 12-14. R.C. 2943.033(C) mandates that before a trial court accepts a defendant's plea of guilty to "a misdemeanor offense of violence, the

---

[3] Poppel attached the affidavit as Exhibit "A" to his motion to withdraw.

court shall inform the defendant[,] either [verbally] or in writing[,] that under 18 U.S.C. 922(g)(9) it may be unlawful for [him] to ship, transport, purchase, or possess a firearm or ammunition as a result of any conviction for an offense of violence," yet the statute adds that "[t]he plea may not [thereafter] be vacated based on [the court's] failure to inform [the defendant of] the restrictions under 18 U.S.C. 922(g)(9)."

{¶ 16} The transcript of Poppel's plea colloquy shows that the trial court did not, in fact, deliver the warning nominally required by R.C. 2943.033(C). *See generally* Transcript of Plea Hearing, Aug. 1, 2018. Nevertheless, the final clause of R.C. 2943.033(C) unambiguously indicates that the omission of the warning is not a valid basis for the withdrawal of a plea.

{¶ 17} Poppel argues that the last clause of R.C. 2943.033(C), which states that a plea "may not be vacated based on a [trial court's] failure to [warn a defendant about] the restrictions under 18 U.S.C. 922(g)(9)," is unconstitutional because it effectively allows a defendant to forfeit an "individual[,] fundamental" right without notice. *See* Appellant's Brief 13-14. That is, Poppel presupposes that the acceptance of his plea resulted in a violation of his constitutional rights, without establishing that a warning about 18 U.S.C. 922(g)(9) was constitutionally necessary. Although he cites *U.S. v. Rehlander*, 666 F.3d 45 (1st Cir.2012), in support of his contention that "due process must apply [sic] in order to remove a citizen's firearm rights," the opinion is inapposite because it concerned the ex parte deprivation of a person's right to own a firearm pursuant to 18 U.S.C. 922(g)(4). *Rehlander* at 47-49; Appellant's Brief 14.

{¶ 18} In 2012, we held that a defendant knowingly and voluntarily pleaded no contest to a charge of domestic violence, even though the trial court had not informed the

defendant "about the federal restriction [on] possessi[on] [of] a firearm established by 18 U.S.C. 922(g)(9)." *State v. Taylor*, 2d Dist. Greene No. 2010-CA-46, 2012-Ohio-963, ¶ 1, 3 and 30-31. We determined that a trial court's omission of the warning under R.C. 2943.033(C) was not grounds for the withdrawal of a plea because "a trial court is not required to determine, and [to] advise a defendant of, every collateral consequence that may result from a plea to a misdemeanor." *See id.* at ¶ 35; *see also King v. Dutton*, 17 F.3d 151, 153 (6th Cir.1994) (stating that a "trial court is under no constitutional obligation to inform [a] defendant of all the possible collateral consequences of [a] plea"); *State v. Taylor*, 11th Dist. Geauga No. 2002-G-2441, 2003-Ohio-6963, ¶ 27. A "direct consequence" of a plea is a " 'definite, immediate and largely automatic effect on the range of [a] defendant's punishment,' " whereas a result that is "not direct [is a] collateral" consequence, meaning that it has " 'no effect * * * upon the length or nature" of the defendant's sentence. *George v. Black*, 732 F.2d 108, 110 (8th Cir.1984), quoting *Cuthrell v. Director, Patuxent Inst.*, 475 F.2d 1364, 1366 (4th Cir.1973); *U.S. v. Jordan*, 870 F.2d 1310, 1317 (7th Cir.1989), quoting *U.S. v. Long*, 852 F.2d 975, 979 (7th Cir.1988), and citing *U.S. v. Suter*, 755 F.2d 523, 525 (7th Cir.1985); *see also Suter* at 525, citing *George* at 110; *State v. Radovanic*, 10th Dist. Franklin No. 13AP-193, 2013-Ohio-4157, ¶ 15, citing *Jordan* at 1317. Alternatively, the term "collateral consequence" has been defined as "an adverse legal consequence of a conviction * * * that [continues] despite the [defendant]'s sentence having been * * * served." *State v. Harris*, 8th Dist. Cuyahoga No. 108677, 2021-Ohio-305, ¶ 22, citing *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, 967 N.E.2d 408, ¶ 10.

{¶ 19} In *Padilla*, the U.S. Supreme Court observed that it had "never applied a

distinction between direct and collateral consequences to define the scope of constitutionally 'reasonable[,] professional assistance' [of counsel]," and the Court declined to consider whether the distinction was "appropriate" for purposes of evaluating a claim of ineffective assistance of counsel "because of the unique nature of deportation," which was the consequence at issue in the opinion. *Padilla*, 559 U.S. at 365, 130 S.Ct. 1473, 176 L.Ed.2d 284. The Court, however, expressly "limited this observation to the context of the Sixth Amendment right to effective assistance of counsel" and "made no comment on the distinction as it relates to [a] defendant's Fifth Amendment right [to enter a plea] 'knowingly, voluntarily, and intelligently.' " (Emphasis omitted.) *U.S. v. Rodriguez-Gonzales*, 543 Fed.Appx. 532, 534 (6th Cir. 2013). As such, the Court's " 'unwillingness [in *Padilla*] to apply the direct [versus] collateral distinction in the [context of] the Sixth Amendment * * * does not [indicate that] the Court" has any "intention to do away with [the] distinction entirely in the [context of the] Fifth Amendment.' " *Id.*, quoting *U.S. v. Youngs*, 687 F.3d 56, 62 (2d Cir.2012).

{¶ 20} We hold that Poppel has not met his burden to establish, through argument and citation to authority, that the trial court's failure to deliver the warning specified in R.C. 2943.033(C) has resulted either in a violation of his right to own a firearm under the Second Amendment or in a violation of his right to procedural due process. This court has previously determined that a trial court has no obligation to advise a defendant about the collateral consequences of entering a plea of guilty in lieu of a trial. *See Taylor*, 2d Dist. Greene No. 2010-CA-46, 2012-Ohio-963, ¶ 34-35. Moreover, Poppel has not established that R.C. 2943.033(C) is unconstitutional because he has not shown that a state court has a constitutional obligation to give notice to a defendant regarding the

potential for a state conviction to have a collateral consequence under federal law. Poppel's assignment of error is overruled.

{¶ 21} In addition, we hold that the trial court did not err by entertaining Poppel's motion. Poppel's assertion that he "acted very quickly upon discovering" his federal firearm disability is questionable, but considering the circumstances of the past year created by the pandemic, we are disinclined to find that the motion was untimely.

## III. Conclusion

{¶ 22} Poppel's defense counsel was not ineffective for failing to warn him that, under 18 U.S.C. 922(g)(9), he could lose his right to own a firearm by pleading guilty to a misdemeanor violation of R.C. 2903.13(A), and the trial court did not fail to meet its obligations under Crim.R. 11 by omitting such a warning, because Poppel's loss of his right to own a firearm, a disability resulting from the application of federal law, was a collateral consequence of Poppel's plea, rather than a direct consequence. Furthermore, Poppel has not shown that R.C 2943.033(C) is unconstitutional, on its face or as applied to him. Therefore, the trial court's final order of November 9, 2020, is affirmed.

. . . . . . . . . . . .

WELBAUM, J., concurs.

DONOVAN, J., concurs in judgment only.


Copies sent to:

Mark M. Feinstein
Derek A. DeBrosse
Michael A. Truman
Hon. Gil S. Weithman