[Cite as *State v. Norris*, 2022-Ohio-2681.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

      Plaintiff-Appellee,          :               No. 111092

      v.                                   :

TASHALEE NORRIS,                    :

      Defendant-Appellant          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** August 4, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-641415-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brandon A. Piteo, Assistant Prosecuting Attorney, *for appellee.*

James R. Willis and Clarissa A. Smith, *for appellant.*

MARY EILEEN KILBANE, J.:

{¶ 1} Appellant Tashalee Norris ("Norris") appeals from the trial court's order that denied her motion to withdraw her guilty plea. For the reasons that follow, we dismiss the appeal as moot.

**Factual and Procedural History**

{¶ 2} On March 21, 2019, the police arrested Norris, and the case was docketed with the Rocky River Municipal Court as Case No. 19CRA0768. On July 30, 2019, the case was bound over to the Cuyahoga County Court of Common Pleas and docketed as Cuyahoga C.P. No. CR-19-641415-A.

{¶ 3} On July 30, 2019, a Cuyahoga County Grand Jury indicted Norris on Count 1, robbery, in violation of R.C. 2911.02(A)(1), a felony of the second degree with a one-year firearm specification and Count 2, theft, in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree.

{¶ 4} The indictment stemmed from two incidents that occurred on or about February 27, 2019, and March 21, 2019. On those dates, Norris allegedly attempted to leave Walmart with various items for which she had not paid. Specifically, the state claimed Norris exited through the self-checkout counter and did not scan all the items she placed in her bag. On the day of the March 21, 2019 incident, Norris was dressed in her Cleveland Division of Police uniform and carried her work-issued firearm.

{¶ 5} On August 13, 2019, Norris pleaded not guilty to the indictment. The parties conducted discovery, and the court set a November 10, 2020 trial date. On the scheduled trial date, the court conducted a pretrial hearing and spoke with Norris about the state's proposed plea agreement whereby Norris would plead guilty to one count of theft and relinquish her Ohio Peace Officer Training Academy

("OPOTA") certification. Norris declined to accept the plea agreement and expressed her preference to proceed to trial.

{¶ 6} Due to Covid-19 protocols, trial was continued until May 24, 2021. On that date, the state advised the court that newly discovered screen shots of the Walmart surveillance video indicated that at least one of the incidents at issue may have occurred during Norris's work hours. The state also advised that the Cleveland Division of Police's Internal Affairs Department was investigating the validity of the new information and the results of that investigation could lead to charges of theft in office against Norris. The trial court referenced the applicable statute, R.C. 2921.41, and informed Norris that the potential sanctions associated with a charge of theft in office include the government's ability to withdraw the cost of the investigation from the worker's pension. Further, the trial court noted the state's intention to pursue theft in office charges regardless of the outcome of Norris's trial. The proposed plea agreement included the state's promise not to pursue theft in office charges.

{¶ 7} After conferring with her counsel and her boyfriend, Norris accepted the plea agreement rather than proceeding to trial. Norris retracted her former plea and pleaded guilty to an amended Count 1, theft, in violation of R.C. 2913.02(A)(4), a misdemeanor of the first degree, and Count 2, theft, in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree. As part of the plea agreement, Norris agreed to no contact with the victim, Walmart; payment of restitution in the amount of $80.25; relinquishment of her peace officer status by voluntarily

surrendering her OPOTA certification; and resignation from the Cleveland Division of Police. The state agreed to amend Count 1 and cease any investigation or prosecution of theft in office charges. The trial court imposed 6 months of community control sanctions on each count and payment of court costs. Upon Norris's payment in full of all costs, fees, and restitution, the court would consider early termination of the community control sanctions.

{¶ 8} On July 7, 2021, Norris filed a motion to terminate probation. On July 22, 2021, the Ohio Attorney General's office issued a notice of acceptance of Norris's voluntary surrender of her OPOTA certification and stated she was permanently prohibited from performing the function of a peace officer in the state of Ohio. On July 28, 2021, the court docketed a journal entry that found Norris in compliance with the plea and sentencing agreement and granted her motion to terminate community control sanctions.

{¶ 9} On November 5, 2021, Norris filed a motion to withdraw her guilty plea. Norris supported her motion with affidavits from herself and three individuals. On November 8, 2021, the trial court ordered a copy of the plea hearing and sentencing transcript. On November 9, 2021, before the state filed a responsive brief, the trial court denied Norris's motion to withdraw her guilty plea.

{¶ 10} On December 8, 2021, Norris filed a timely notice of appeal that presents the following assignment of error:

> The trial court erred and/or abused its discretion when it denied the defendant's motion to vacate her guilty plea without a hearing and this denial violated her right to due process.

**Legal Analysis**

{¶ 11} Norris argues that the trial court abused its discretion when it denied her motion to withdraw her guilty plea and when it did not hold a hearing on the motion. Before we can address Norris's assignment of error, we must determine if this court has jurisdiction over this appeal.

{¶ 12} When a defendant voluntarily completes her sentence for a misdemeanor offense, an appeal from that judgment is moot "'when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction.'" *State v. Golston*, 71 Ohio St.3d 224, 226, 643 N.E.2d 109 (1994), quoting *State v. Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236 (1975), syllabus. The defendant must demonstrate she did not voluntarily complete the sentence and she is subject to collateral disability or loss of civil rights. *Golston*, quoting *Wilson* at 237. "A collateral disability is an adverse legal consequence of a conviction or judgment that survives despite the court's sentence having been satisfied or served." *Solon v. Bollin-Booth*, 8th Dist. Cuyahoga No. 97099, 2012-Ohio-815, ¶ 11, citing *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 408, ¶ 10. *See also Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, ¶ 29-33 (Stratton, J., concurring) (listing various collateral consequences of a misdemeanor conviction).

{¶ 13} A defendant does not voluntarily complete her sentence pending appeal where the defendant "neither acquiesced in the judgment nor abandoned [her] right to appeal." *Lewis* at ¶ 3. Here, Norris acquiesced in the judgment and abandoned her direct appeal. Norris accepted the proffered plea agreement and agreed to resign from the Cleveland Division of Police, relinquish her OPOTA certification, and pay restitution and court costs with the understanding that the state would amend the robbery charge with a firearm specification to a misdemeanor theft offense and discontinue its investigation and potential pursuit of theft in office charges. Norris satisfied her sentence, the court terminated her community control sanctions, and no direct appeal was filed. Approximately three months after termination of her community control sanctions, Norris filed a motion to withdraw her guilty plea that the court denied four days later. Norris then appealed the trial court's denial of her motion to withdraw her guilty plea.

{¶ 14} Further, there is nothing in the record or Norris's brief that shows collateral consequences exist. Norris's relinquishment of her OPOTA certification and her resignation were part of the plea agreement — direct consequences of her guilty plea — and do not equate to collateral consequences that defeat mootness. *State v. Poppel*, 2d Dist. Champaign No. 2020-CA-34, 2021-Ohio-2536, 11, quoting *George v. Black*, 732 F.2d 108, 110 (8th Cir.1984), quoting *Cuthrell v. Director, Patuxent Inst.*, 475 F.2d 1364, 1366 (4th Cir.1973) (a direct consequence of a guilty plea is one that is definite, immediate, and largely automatic).

**{¶ 15}** Norris satisfied the sentence imposed pursuant to her misdemeanor conviction and paid all court costs and restitution. There is no ongoing or future penalty from which this court can grant relief. Norris's appeal is moot, and this court has no jurisdiction over the case. *Bollin-Booth*, 8th Dist. Cuyahoga No. 97099, 2012-Ohio-815 at ¶ 6, fn. 2 ("A court has no jurisdiction to decide moot cases because there is no subject matter upon which the court's decision could operate.").

**{¶ 16}** Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

FRANK DANIEL CELEBREZZE, III., P.J., and
MARY J. BOYLE, J., CONCUR